IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DANIEL ALTHONE GRIFFIN,

    Plaintiff,

v.

WAYCROSS JUDICIAL CIRCUIT;
Judge MICHAEL DEVANNE; ALEX
MARKOWICH, Assistant District
Attorney; CLAY CULP, Public
Defender; JANIE McQUAIG,
Probation Officer; and Officer
MARTY CREWS,

    Defendants.

CIVIL ACTION NO.: CV509-046

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Bacon County Probation Detention Center in Alma, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. Plaintiff was granted leave of the Court by Order dated August 19, 2009, to proceed in forma pauperis in this action.

A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner[1] bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" 28 U.S.C. § 1915(h). Thus, the provisions of the PLRA, including the three strikes provision, are applicable to Plaintiff.

AO 72A
(Rev. 8/82)

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Griffin v. Camden Superior Court, 2:04CV42 (S.D. Ga. Aug. 11, 2004) (dismissed for failure to state a claim); (2) Griffin v. Charlton Superior Court, 5:04CV54 (S.D. Ga. Sept. 1, 2004) (dismissed for failure to state a claim); and (3) Griffin v. Skorpuski, 5:04CV63 (S.D. Ga. Sept. 29, 2004) (dismissed for failure to state a claim).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th

AO 72A
(Rev. 8/82)

2

Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id. In his Complaint, Plaintiff asserts that Defendants Crews, McQuaig, and Markowich committed perjury during Plaintiff's revocation hearing.

At the time he filed his Complaint, Plaintiff had brought at least three cases that constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed in this Court on August 18, 2009. Thus, Plaintiff should not be considered to meet the exception to the three strikes rule. Accordingly, the Court **VACATES** its August 19, 2009, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full $350.00 filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 21st day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE